

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS     **AUSTIN 11, TEXAS**
~~XXXXX XXXXXXXXXXXXXXXXX~~XXXX
ATTORNEY GENERAL

Honorable W. P. Herms, Jr.     Opinion No. 0-6519
County Auditor     Re: Under the given facts is the Com-
Waller County                  missioners' Court of Waller
Hempstead, Texas           County within its authority in
                                    employing an independent auditor
                                    to audit the books of the County
Dear Sir:                    Auditor? And other questions.

        Your request for an opinion on the above questions reads
as follows:

        "Please find inclosed a copy of the final report
of Waller County Grand Jury, recently adjourned.

        "Also inclosed, please find Commissioners'
Court orders of some 2 months later, dated June 11,
1945, and June 18, 1945.

        "There is no provision in our Budget for the ex-
penditure of funds for such audit. Our Budget has not
been amended, nor has an emergency been declared in
anticipation of amending same.

        "I shall greatly appreciate your kindness in ren-
dering an opinion on the following questions:

"1.    Is Commissioners' Court within its authority in
        employing an independent auditor to audit my
        books? I am appointed by District Judge after
        Commissioners' Court declared an Auditor a
        public necessity, county population $13\frac{1}{2}$ million.

"2.    Am I authorized to approve a warrant for the
        payment of such independent auditor employed
        by the Commissioners' Court when there is no
        provision in the budget for such expenditure,
        and such budget has not been amended?

"3.    Under the circumstances, would Commissioners'
        Court have authority to amend said budget, this
        not being a matter of inadequate funds for some
        item already set up in the budget, but for an en-
        tirely different and foreign item to anything con-
        tained in the budget?

"4.      The reason given for such audit is based on fallacy, since my records contain, and my periodic reports, filed with the County Clerk, and handed to the Commissioners' Court, contain all the information which could possibly be necessary to levy a proper tax. The Grand Jury report bears out this contention. Under these cirucmstances, what is my recourse?

"5.      If you will do so, I shall greatly appreciate any general suggestion on this matter, which, in your opinion, I can legally justify."

The order of the Commissioners' Court of Waller County, dated June 11, 1945, is as follows:

"THE STATE OF TEXAS{
COUNTY OF WALLER{

"IN THE COMMISSIONERS' COURT OF WALLER COUNTY, TEXAS, JUNE TERM, A. D. 1945.

"ORDER

"BE IT KNOWN THAT WHEREAS, at a regular meeting of the Commissioners' Court of Waller County, Texas, held on the 14th day of May A. D. 1945, all members of said Commissioners' Court being present and voting a resolution was unanimously passed, dated on said date and recorded in Book J. Page 68, of the Minutes of the Commissioners' Court of Waller County, Texas, to employ a disinterested, competent and expert accountant under the provisions of Article 1641 of the Revised Civil Statutes of the State of Texas, to audit all the books, records and accounts of Waller County and all of the books, records and accounts of the County Auditor of Waller County, who shall furnish said Commissioners' Court with such information which will enable it to determine and fix proper appropriations and expenditures of public moneys and to ascertain and fix a just and proper tax levy for Waller County, Texas;

"AND WHEREAS, the Clerk of the County Court caused said resolution to be published in one (1) issue of 'The Hempstead News,' a newspaper of general circulation published in Waller County, in accordance with said resolution and the law relative to the publication of such notices;

"AND WHEREAS, on this the 11th day of June, A. D. 1945, at a regular meeting of said Commissioners' Court,

and after publication as aforesaid, came on to be considered in open court the appointment of such auditor for the purposes set forth in said resolution; and it appearing to the court that no objection or opposition to the employment of such auditor has been formally filed with the Commissioners' Court and no objection voiced EXCEPT a protest in the form of a letter addressed to each Commissioner of Waller County, Texas, by W. P. Herms, Jr., County Auditor of Waller County, Texas; and it appearing, after due hearing, that no good cause is shown why such audit should not be made; and it affirmatively appearing to the Court that the antagonistic attitude of said county auditor toward this court and the lack of confidence of this court in the ability of the said W. P. Herms, County Auditor of Waller County, Texas, renders it utterly impossible for it to properly determine and fix appropriations and expenditures of public moneys and to ascertain and fix a just and proper tax levy; and the court further finding that, after such publication and notice, it has not been furnished with complete information such as would enable it to fix proper appropriations and tax levy; and the court further finding that an imperative public necessity exists for an independent audit of all books, records and accounts of Waller County and all books, records and accounts of the auditor of Waller County, audited in accordance with the provisions of Article 1641 of the Revised Civil Statutes of the State of Texas, to enable the court to determine and fix proper appropriations and expenditures of public moneys and to ascertain and fix a proper and just tax levy;

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Commissioners' Court of Waller County, Texas, in open court, at a regular session held on the 11th day of June, A. D. 1945, that a disinterested auditor be employed to make an audit of all books, records and accounts of Waller County and all books, records and accounts of the county auditor of Waller County, and to provide this court with complete information to enable it to determine and fix proper appropriations and expenditures of public moneys and to ascertain and fix a proper and just tax levy.

"IT IS FURTHER ORDERED that the contract for such audit be let in the manner provided by the statutes applicable to the letting of contracts by this court, and the payment therefor shall be made out of the public funds of said county, in accordance with said statutes, currently available for such purpose.

"A. B. Anderson, County Judge,
A. M. Wallingford, Commissioner, Pct.1
R. C. Snow, Commissioner Pct. 2
John H. Schmidt,Commissioner Pct.3
C. A. Wilpitz, Commissioner Pct. 4"

The order of said Court, dated June 18, 1945, is as follows:

"Order of June 18, 1945 - Follow up of order of
June 11, 1945.

"THE STATE OF TEXAS |
COUNTY OF WALLER |        NOTICE

        "NOTICE IS HEREBY GIVEN that, pursuant to an
order of the Commissioners' Court of Waller County, Texas,
made on the 11th day of June, A.D. 1945, after due notice of
a resolution adopted on the 14th day of May, A.D. 1945, of
said court's intention to employ a disinterested, competent
and expert accountant under the provisions of Article 1641
of the Revised Statutes of the State of Texas to audit all books,
records and accounts of Waller County and to audit all books,
records and accounts of the county auditor of Waller County,
the Commissioners' Court will receive bids on the 9th day of
July, A. D. 1945, from any and all duly qualified, disinterested,
competent and expert accountants wishing to file their bids for
contract to audit all books, records and accounts of Waller
County, and all books, records and accounts of the county au-
ditor of Waller County and to furnish such Commissioners'
Court with such information as will enable it to determine and
fix proper appropriations and expenditures of public moneys
and to ascertain and fix a proper and just tax levy for Waller
County. The contract will be let on sealed bids. All bids shall
be in writing addressed to the Commissioners' Court of Waller
County, Texas, and shall be accompanied by a statement show-
ing the qualifications of the bidder. The Commissioners' Court
of Waller County reserves the right to reject any and all bids
if the terms and conditions thereof are not deemed fair and
satisfactory. The contract is to be let to the lowest compe-
tent and responsible bidder.

                              "A. B. Anderson
                              A. B. Anderson, Judge of the
                              County Court of Waller County,
                              Texas."

Article 1641 of Vernon's Annotated Civil Statutes, provides:

"Any commissioners' court, when in its judgment an imperative public necessity exists therefor, shall have authority to employ a disinterested, competent and expert public accountant to audit all or any part of the books, records, or accounts of the county; or of any district, county or precinct officers, agents or employees, including auditors of the counties, and all governmental units of the county, hospitals, farms, and other institutions of the county kept and maintained at public expense, as well as for all matters relating to or affecting the fiscal affairs of the county. The resolution providing for such audit shall recite the reasons and necessity existing therefor such as that in the judgment of said court there exists official misconduct, willful ommission or negligence in records and reports, misapplication, conversion or retention of public funds, failure in keeping accounts, making reports and accounting for public funds by any officer, agent or employee of the district, county or precinct, including depositories, hospitals, and other public institutions maintained for the public benefit, and at public expense; or that in the judgment of the court, it is necessary that it have the information sought to enable it to determine and fix proper appropriation and expenditure of public moneys, and to ascertain and fix a just and proper tax levy. The said resolution may be presented in writing at any regular or called session of the commissioners court, but shall lie over to the next regular term of said court, and shall be published in one issue of a newspaper of general circulation published in the county; provided if there be no such newspaper published in the county, then notice thereof shall be posted in three public places in said county, one of which shall be at the court house door, for at least ten days prior to its adoption. At such next regular term said resolution shall be adopted by a majority vote of the four commissioners of the court and approved by the county judge. Any contract entered into by said commissioners court for audit provided herein shall be made in accordance with the statutes applicable to the letting of contracts by said court, payment for which may be made out of the public funds of the county in accordance with said statutes. The authority conferred on county auditors contained in this title as well as other provisions of statutes relating to district, county and precinct finances and accounts thereof shall be held subordinate to the powers given herein to the commissioners' court."

It is our opinion that the above statute authorizes the Commissioners' Court of Waller County to employ an independent auditor to audit your books when, in its judgment, an imperative public necessity exists therefor. The Commissioners' Court is not given the authority to

determine that an imperative public necessity exists for such audit under any and all circumstances, as the above statute lays down certain conditions which must of necessity exist and constitute reasons for the court's determining that such imperative public necessity does exist. However, it is within the authority of the Commissioners' Court to determine whether or not there are sufficient facts to constitute an imperative public necessity for such audit under the requirements of said statute.

As to whether you are authorized to approve a warrant for the payment of such independent auditor employed by the Commissioners' Court when there is no provision in the budget for such expenditure and such budget has not been amended, we here quote and adopt the following from our Opinion No. 0-5184:

"Article 689a-9, Vernon's Annotated Civil Statutes provides for the preparation of the county budget.

"Article 689a-10, Vernon's Annotated Civil Statutes provides that when the budget for the county has been prepared and completed a copy of the same shall be filed with the clerk of the county court, available for the inspection of any taxpayer.

"Article 689a-11, Vernon's Annotated Civil Statutes, reads in part as follows:

"'The commissioners' court in each county shall each year provide for a public hearing on the county budget . . . which hearing shall take place on some date to be named by the commissioners' court subsequent to August 13 and prior to the levy of taxes by said commissioners' court. Public notice shall be given that on said date of hearing the budget as prepared by the county judge will be considered by the commissioners' court. Said notice shall name the hour, the date and the place where the hearing shall be conducted, any taxpayer of such county shall have the right to be present and participate in said hearing. At the conclusion of the hearing, the budget as prepared by the county judge shall be acted upon by the commissioners' court. The court shall have authority to make such changes in the budget as in their judgment the law warrants and the interest of the taxpayers demand. When the budget has been finally approved by the commissioners' court the budget as approved by the court shall be filed with the clerk of the county court, and taxes levied only in accordance therewith, and no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget

as adopted by the court. Except that emer-
gency expenditures, and cases of grave pub-
lic necessity, to meet unusual and unforeseen
conditions which could not, by reasonable dil-
igent thought and attention have been included
in the original budget, may from time to time
be authorized by the court as amendment to
the original budget. In all cases where such
amendment to the original budget is made, a
copy of the order of the court amending the
budget shall be filed with the clerk of the coun-
ty court, and attached to the budget originally
adopted.'

"Article 689a-20, Vernon's Annotated Civil Statutes,
provides as follows:

"'Nothing contained in this Act shall be construed
as precluding the Legislature from making chang-
es in the budget for State purposes or prevent the
County Commissioners' Court from making chang-
es in the budget for county purposes or prevent
the governing body from making changes in the
budget for school purposes; and the duties re-
quired by virtue of this Act of State, County, City
and School Officers or Representatives shall be
performed for the compensation now provided by
law to be paid said officers, respectively.'

"In construing the foregoing provision (Article 689a-20)
this department has repeatedly held 'we are of the opinion,
upon considering the act as a whole, that Section 20, quoted
above, does not authorize the commissioners' court to make
changes so as to increase the amount of the budget after its
final adoption except in cases of emergency . . . We do not
think it authorizes the commissioners' court to increase the
budget after its adoption. To so hold, would destroy the very
purpose of the Act.' (See our opinion No. 0-1053 and an opin-
ion written by Honorable Joe J. Alsup, Assistant Attorney
General dated October 3, 1935.)

"It is stated in our Opinion No. 0-3146:

"'The only way the county budget may be amended
after its adoption is in strict compliance with the
above statutory provision. This department has
consistently ruled that whether a situation is one
which can be classified as an emergency under the
budget law so as to permit the commissioners'
court to amend the budget, is a question of fact

primarily to be passed upon by the commis-
sioners' court. See Opinion 0-07, 0-1022 and
0-1728, Annual Opinion Reports of the Attor-
ney General for 1939, pages 2, 274, and 455,
respectively.

"The quoted statutory provision provides that no ex-
penditure of the funds of the county shall be made after the
budget is finally approved and filed with the clerk except in
strict compliance with the adopted budget. An exception to
the foregoing is made, however, as to 'emergency expendi-
tures.'

" . . .

"Under the facts stated and in view of the foregoing
authorities, you are advised that it is the opinion of this de-
partment that the commissioners' court of the county is un-
authorized to make any expenditures of the funds of the coun-
ty, except in strict compliance with the budget, except emer-
gency expenditures in case of grave public necessity, to meet
unusual and unforeseen conditions which could not, by reason-
able diligent thought and attention, have been included in the
original budget. Such emergency expenditures must be made
in compliance with the proper amendment to the budget by
the commissioners' court. Whether or not the situations pre-
sented in your inquiry are such as can be classified as a grave
public necessity requiring emergency expenditures under the
budget law so as to permit the commissioners' court to amend
the budget, is a question of fact primarily to be passed upon by
the commissioners' court."

Following the rules of law laid down in said opinion, your
second question is answered in the negative.

As to whether the Commissioners' Court would have author-
ity to amend such county budget, we have held in several opinions that,
ordinarily, that is a question of fact primarily to be passed upon by the
Commissioners' Court, as set forth in the above quotation from our Opin-
ion No.0-5184, as well as in our Opinion No.0-5053-A, from which we quote as
follows:

"As we understand your request, the commissioners'
court of Johnson County has amended the budget of said coun-
ty to take care of certain increases of salary for certain coun-
ty officials. It is our further understanding that it is your con-
tention that as there were no provisions contained in the orig-
inal county budget when it was prepared to take care of any in-
crease in salaries to county officials that the same cannot now
be amended.

"This department has repeatedly held that the questions of 'grave public necessity' is a fact question to be determined primarily by the commissioners' court. It is apparent from your letter that your position is that no 'grave public necessity' existed at the time the county budget was amended to take care of increase in salaries for certain county officials and therefore the commissioners' court was unauthorized to make such amendment. However, on the other hand it is apparent that the commissioners' court did decide that they were legally authorized to amend the county budget and in fact did amend said budget.

"This department has held (Opinion No. 0-2315) that the discretion of the commissioners' court is not absolute authority to expend county funds in the case of an emergency, and is final, only where the question is debatable or where the existence of an emergency is unquestionable. However, said court has no authority to determine and declare that an emergency exists, and expend county funds therefor, where the facts clearly show the contrary. Such court has no legal authority to declare an emergency and evade the law, where in fact, no emergency exists.

"Our opinion No. 0-1053 defines the terms 'grave' and 'public necessity'. We enclose a copy of this opinion for your convenience. Where the existence of grave public necessity is debatable, the acts of the commissioners' court are controlling. Therefore, as above stated, it is our opinion that whether or not the commissioners' court of Johnson County has the authority to amend the county budget under the facts submitted is a fact question to be determined primarily by the commissioners' court."

It is our opinion, therefore, that the Commissioners' Court has authority to amend the county budget if the provisions of the budget law are complied with, as above set forth.

We do not express any opinion as to the matters contained in the copy of the report of the grand jury submitted with your request, or as to the matters contained in the orders of the Commissioners' Court hereinabove set out. As to your recourse, we direct your attention to the following part of our Opinion No. 0-6220, addressed to you under date of October 9, 1944:

"Answering your third question, we advise that if the Commissioners' Court has acted fraudulently or has arbitrarily declared the existence of an emergency when none in fact exists, and such action on the part of the court was taken for the sole purpose of evading and circumventing the law regulating budget amendments, then you would be remiss in your duties as an officer if you did not take appropriate action to protect the county funds.

"Your second and fourth questions relate to your powers and duties under such circumstances in controlling the fiscal affairs of the county. Article 1651 makes it your duty to 'see to the strict enforcement of the law governing county finances.' This would certainly include the duty of enforcing the terms and provisions of the county budget.

"Article 1660 provides that no claim, bill or account against the county shall be allowed or paid until it has been examined and approved by the Auditor. He is prohibited by Article 1661 from auditing or approving any such claim for the purchase of supplies or materials for the use of the county or any of its officers unless all requirements of law are complied with. And finally, Article 1661 provides that all warrants on the county treasurer, except warrants for jury service, must be countersigned by the county auditor.

"Your remedy under the law, where the Commissioners' Court should act illegally in amending the budget, would be to refuse to audit or approve claims filed under the attempted amendment and to refuse to countersign warrants on the county treasurer against funds unlawfully set aside for the purpose.

"We wish it distinctly understood that we are not expressing any opinion on whether your hypothetical statement of facts, absent your own conclusions, would amount to an illegal abuse of discretion on the part of a Commissioners' Court. Each case arising must be judged by its own particular facts."

The rules of law above referred to are applicable to the situation you present and contain the only suggestions on the matters submitted in your request that we are able to make, so it will be up to you to decide what should be done under the circumstances.

We trust that this satisfactorily answers your inquiry.

APPROVED JUL 9 1945
/s/ Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By /s/ Jas. W. Bassett
      Jas. W. Bassett
        Assistant

JWB:LJ/cm

APPROVED
OPINION COMMITTEE
BY /s/ BWB
    Chairman